**Kit LUDWICK, a minor by and through Floyd LUDWICK and Terry Ludwick, Appellants,**

v.

**SNOW CREEK, INC., Respondent.**

**No. WD 58352.**

Missouri Court of Appeals,
Western District.

Feb. 13, 2001.

---

1. The trial court lacked jurisdiction over Leigh Wofford as she was never served with process.

Thomas E. Hankins, Kansas City, for appellants.

Thomas Joseph Magee, St. Louis, for respondent.

HOLLIGER, Presiding Judge.

Kit Ludwick appeals from the judgment entered for the defendant after a jury verdict in his personal injury claim against Snow Creek Ski Resort. The only point on appeal deals with the propriety of a portion of the defendant's comparative fault instruction, which Ludwick contends was not supported by the evidence. Constrained to find no prejudice, we affirm.

## FACTS and PROCEDURAL HISTORY

Ludwick was an 11–year old guest at the Snow Creek Ski Resort. As he was riding the chair lift to the top of one of the trails, he dropped a ski pole near his departure point. There does not seem to be much dispute in the evidence that the lift operator first motioned Ludwick not to attempt to retrieve the pole, and then indicated he could proceed to recover the pole. In the process, Ludwick slipped and, when raising up, was struck by one of the moving chairs. The jury returned a verdict assessing 100 percent of the fault to Ludwick.

## DISCUSSION

In submitting the case to the jury, Snow Creek's comparative fault Instruction No. 8 provided:

In your verdict, you must assess a percentage of fault to plaintiff Kit Ludwick, whether or not defendant was partly at fault, if you believe:

First, either:

Plaintiff Kit Ludwick failed to keep a careful lookout, or

**Plaintiff Kit Ludwick left a place of safety and moved into the path of the chair lift, and**

Second, plaintiff, Kit Ludwick, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third, such negligence of plaintiff Kit Ludwick directly caused or contributed to cause any damage plaintiffs may have sustained.

(emphasis added).

On appeal, Ludwick argues that: (1) the second prong of Paragraph First of Instruction No. 8 was not supported by the evidence; and (2) the "moving from a place of safety to a position of danger" doctrine does not apply when a child does so at the direction of an adult employed by the defendant and who has a position of authority over the child. Ludwick relies on cases from several other states, applying the principle as stated in 65A C.J.S. *Negligence* § 118(3) (1966):

*Reliance on assurances of safety.* A person may rely on assurances, or representations of safety made to him by others, where, under the same or similar circumstances, an ordinarily prudent man would do so. A person may likewise rely on conduct which, under all the surrounding circumstances, amounts to an assurance of safety. Where an invitation to enter what appears to be a dangerous place is extended by one who is in authority or control, and who knows or should know whether it can be done safely, it carries with it an implied assurance of the invitee's safety.

\* \* \*

*Conduct directed or invited by defendant.* \* \* \* Unless obviously dangerous, conduct of plaintiff which might otherwise be contributory negligence is deprived of its character as such if it is at the direction of defendant or his agents. A person has the right to assume that one who is exercising authority will not lead him into danger without warning, and generally he is not expected to foresee that he will be placed in a position of danger as a result of carrying out the directions he has been given.

Ludwick cites no Missouri cases discussing this principle of limitation on the doctrine of moving from a place of safety to a place of danger. Snow Creek, on the other hand, points to several Missouri cases applying and citing the principles set forth in 65A C.J.S. *Negligence* § 118(3). Those cases hold that the principles do not prevent the defense of contributory fault but make the direction by defendant's agent and the plaintiff's reliance on it an issue for the jury in determining whether a plaintiff is guilty of negligence. Snow Creek also points out that Ludwick omitted two sentences from its C.J.S. quote, which state:

> However, assurances of safety do not relieve one of the duty of exercising ordinary care for his own safety. Thus one may not rely on assurances of safety where he is aware of the danger or where the danger is so obvious and imminent that an ordinarily prudent person, under the same or similar circumstances, would not do so.

> Where defendant or one for whom defendant is responsible issues to plaintiff a direction or invitation to pursue a particular course of conduct, although this may be a factor that may be taken into consideration in determining the degree of vigilance required of plaintiff, it does not justify plaintiff to act with utter disregard for his own safety, or contrary to his own sense of prudence.

We do not reach the merits of Ludwick's argument. Even if the instruction were erroneous, there can be no prejudice since the jury assessed no fault to defendant. Snow Creek relies on *Wilson v. Shanks,* 785 S.W.2d 282 (Mo. banc 1990). There, the plaintiff sued another driver for injuries resulting from an automobile accident. The jury verdict assessed 100 percent of the fault to the plaintiff, and he appealed the propriety of the contributory, comparative fault instruction. The Court stated:

> [W]e must assume the jury followed the instructions. Instruction No. 8 required some assessment of fault to defendant if the jury found the facts hypothesized to be true. The assessment of fault was not dependent upon and made no reference to Instruction No. 10 [comparative fault instruction]. The jury necessarily must have concluded that one of the essential propositions was not established when it failed to assess any fault to defendant. Absent some assessment of fault to defendant, there was no prejudice in giving the contributory fault instruction.

*Wilson,* 785 S.W.2d at 285.

Snow Creek suggests that *Wilson* is directly applicable here. In his reply brief, Ludwick does not address *Wilson,* except to argue that the cases it relies upon do not support its holding and application here. Those cases underpinning *Wilson* are also decisions of our Supreme Court, and we are required to follow *Wilson* unless distinguishable. Ludwick presents no basis upon which we can distinguish *Wilson* and find it not applicable here. We, therefore, do not reach the issue of whether the "moving from a place of safety to a position of danger" doctrine applies when a child does so at the direction of an adult employed by the defendant and who has a position of authority over the child. The judgment of the trial court is affirmed.

LOWENSTEIN and NEWTON, JJ., concur.